IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

Jennifer Renee Butler
    Plaintiff, Pro Se

V.

Scott Bessent,
SECRETARY OF THE TREASURY
    Defendant
And
Bret Kressin, Deputy
Director of Strategy, Defendant.

CIVIL ACTION FILE NO.

25-cv-115-KD-N

## PRO SE RIGHT TO APPEAL AN IRS DECISION IN AN INDEPENDENT FORUM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

3. The Taxpayer Bill of Rights number five: The Right to Appeal an IRS Decision in an Independent Forum

4. The Taxpayer Bill of Rights number ten: The Right to a Fair and Just Tax System.

5. Taxpayer civil rights Publication 4053

## Parties

7. Plaintiff, Jennifer Renee Butler, 2411 White Street, Mobile, Alabama, 36605.

8. Defendant, Scott Bessent, Secretary of the Treasury, 1500 Pennsylvania Avenue NW, Washington, DC 20530.

9. Defendant, Bret Kressin, Deputy Director, Strategy at IRS, 1111 Constitution Ave NW, Washington, District of Columbia, 20224.

## Location and Time

10. IRS-CI, Atlanta Field Office, 401 W Peachtree St NW RM600 Stop 400, Atlanta, GA, 30308.

11. The alleged discrimination occurred from May 2022 to August 16, 2023.

## Administrative Procedures

12. I filed a charge of discrimination against the defendant with the EEOC. 8. I received a Notice of Right-to-Sue letter from the EEOC on October 10, 2024.

13. I filed a Merit Systems Protection Board Appeal and have the choice to file to an Independent Forum on tax related issues as my right to Appeal an initial decision on Tax Chargers that result in a penalty of removal from federal service.

## Nature of the Case

14. The conduct complained about in this lawsuit involves discrimination by failing to accommodate and follow the United States Tax Code as published.

15. 403 U.S. 388 (1971) federal officials acting in the performance of their duties are subject to personal liability for any violations of constitutional rights of which a reasonable official in a similar situation would be aware.

16. The Internal Revenue Bulletin (Bulletin) is the authoritative instrument of the Commissioner of Internal Revenue for announcing official ruling and procedures of the Internal Revenue Service (IRS) and for publishing treasury decisions, executive orders, tax conventions, legislation, court decisions, and other items of general interest.

## Essential Facts of Claim(s)

17. Plaintiff is a 100% service-connected disability rating.

18. Plaintiff has a 100% Total Combat Related Disability.

19. Plaintiff followed Publication 596 in forming the basis of what to include as taxable or not taxable for the tax year in question (2018).

20. CI Disciplinary Board (Board) Chair Tara Sullivan found the [Plaintiff] credible when the CI Disciplinary Board reviewed the evidence file for [Plaintiff] on May 17, 2023.

21. The Board found the [Plaintiff] has no prior discipline and has had no prior or subsequent tax compliance issues.

22. The Board found the [Plaintiff] has not demonstrated any intent to violate their known legal duty.

24. The Board did not recommend any lessor changes.

25. There is a known duty to accommodate combat-disabled veterans the IRS published on its public-facing website Special tax considerations for veterans.

26. There is a known duty to accommodate the IRS published guidance in two Bulletin; Publication 525, Taxable and Non-Taxable Income and Publication 907, Tax Highlights for Persons with Disabilities.

27. Bret Kressin, Deputy Director, Strategy was not Board Chair on May 17, 2023.

28. Bret Kressin, Deputy Director, Strategy was Board Chair on May 31, 2023.

29. Criminal Investigation (CI) Disciplinary Board (DB) and revised CI Delegation Order No. 21 was the policy dated January 6, 2023.

30. CI DB Chair authority may not be redelegated.

31. The deciding official may redelegate this authority within CI to another manager of equivalent rank.

32. The deciding official may not redelegate to the proposing official.

33. Bret Kressin, Deputy Director, Strategy was the proposing official and recommended removal from service for a total balance of $5,116.07 that was paid in full as of October 18, 2021.

34. No accuracy related civil penalties for negligence or substantial

understatement were assessed to Plaintiff.

35. The Plaintiff disagrees with the conclusion of the Agency (IRS) audit.

36. The Plaintiff disagrees with the Administrative Judges' finding that the [IRS] showed that these tax liabilities occurred, and that the Plaintiff failed to comply with her legal obligation to comply.

37. Burden of proof. For court proceedings resulting from examination started after July 22, 1998, the IRS generally has the burden of proof for any factual issues if you have met the following requirements:

- You introduced credible evidence relating to the issue.
- You complied with all substantiation requirements of the Internal Revenue Code.
- You maintained all records required by the internal Revenue Code (file with claim).
- You cooperated with all reasonable requests by the IRS for information regarding the preparation and related tax treatment of any item reported on your tax return.
- You had a net worth of $7 million or less and no more than 500 employees.

38. I do not request a jury trial.

### Request for Relief

As relief from the allegations of discrimination stated above, plaintiff prays that the Court grant the following relief:

    a. Defendant Bret Kressin **Removal and enforce the Agency's zero tolerance policy for discrimination.

    b. Money damages discrimination, $300,000.

    c. Costs and fees involved in litigating this case.

    d. $5,116.07 taxes that were paid in full on October 18, 2021.

    e. Loss wages from August 14, 2022, to present.

    f. Finding that Plaintiff should have been accommodated, given Special tax considerations for veterans, and has not demonstrated any intent to violate her known legal duty.

*[Signature: Jennifer R Butler]*
Jennifer R Butler
2411 White St
Mobile AL 36605