IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER RENEE BUTLER** | ) |
| v. | ) Civ. Action No. 1:25-00115-KD-N |
| | ) |
| **SECRETARY OF TREASURY** | ) |
| **SCOTT BESSENT, and** | ) |
| **BRET KRESSIN,** | ) |
| **DEPUTY DIRECTOR OF STRATEGY** | ) |

**ORDER**

Plaintiff Jennifer Renee Butler, proceeding *pro se*, initiated this action on March 24, 2025 (Doc. 1). As best construed, Butler's complaint asserts two claims: (1) discrimination under Title VII of the Civil Rights Act of 1964, 42 US.C. §§ 2000e *et seq.*, against her former employer, the Internal Revenue Service; and (2) an appeal of an IRS disciplinary board decision. (*See generally* Doc. 1).

Butler paid the appropriate filing fee, and the Court issued summonses on March 24, 2025. (Docs. 2, 3). On May 19, 2025, the assigned District Judge ordered Butler to provide proof of service. (Doc. 4). The order cited Local Rule 4(a)(3), which provides that "[i]f within forty-five (45) days after the filing of the Complaint, Plaintiff has neither completed service by summons nor received a waiver of service, Plaintiff shall file a notice describing the action taken by Plaintiff to complete service and the results of those efforts." S.D. Ala. Civ. L.R. 4(a)(3).

In response to the order, Butler filed two affidavits of service as to the named Defendants, along with postal documentation. (Doc. 5, PageID.73).[1] Butler further indicated she was awaiting return receipt(s), but no signed receipts were provided. (*Id.*, PageID.66). To date, no additional filings have been made, and no Defendant has appeared in this action.

Proper service of process is a jurisdictional prerequisite. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). If service is not perfected within 90 days after the complaint is filed, the district court ordinarily "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021) (citation omitted).

Assuming *arguendo* that service was properly effectuated on the named Defendants, service is still insufficient. The Federal Rules require that, to serve a United States agency or an officer or employee sued only in an official capacity, a party must also serve the United States. *See* Fed. R. Civ. P. 4(i)(1)-(2); *see also Constien v. U.S.*, 628 F.3d 1207, 1213 (10th Cir. 2010), cert. denied, 131 S. Ct. 2884 (2011) ("To serve the United States, it is necessary to send a copy of the summons and complaint by registered or certified mail to the Attorney General and deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought."). The undersigned notes that Butler is familiar with

---

[1] This filing was referred to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a).  See S.D. Ala. GenLR 72(b); (06/04/2025 electronic reference).

this process, as she has successfully initiated a parallel Title VII action in *Butler v. Scott Bessent, Secretary of Treasury*. (*See* case no. 1:25-cv-00001-N).

Under Rule 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Butler is **ORDERED** to file amended proof of service on or before **February 9, 2026**, showing she has met the requirements of Federal Rule 4, as described above. *See* Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended."). Failure to meet the above requirements will result in the recommendation of dismissal, pursuant to Federal Rules 4, 41, and the Court's inherent authority.

**DONE** and **ORDERED** this the 26th Day of January 2026.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**