**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JENNIFER RENEE BUTLER,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **CIVIL ACTION NO.** |
| | **)** | **1:25-cv-115-KD-N** |
| **SCOTT BESSENT,** | **)** | |
| **Secretary of the Treasury,** *et al.* | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## REPORT AND RECOMMENDATION OF DISMISSAL

Plaintiff Jennifer Renee Butler, who is proceeding *pro se* without legal counsel, filed this civil action against Defendants on March 24, 2025. See Doc. 1. That same day, Plaintiff paid the filing fee and obtained two Summons from the Clerk of Court for the purpose of serving the two named Defendants. See Doc. 2 and Doc. 3.

On May 19, 2025, the assigned District Judge entered a *sua sponte* order (Doc. 4) noting that the "docket does not indicate that Plaintiff has served or attempted to serve Defendants" and ordering Plaintiff "to file, on or before **June 9, 2025**, 'a notice describing the action taken by Plaintiff to complete service and the results of those efforts' as required by the Court's Local Rule." (bold emphasis in original). That order cited S.D. CivLR Rule 4(a)(3), which provides that "[i]f within forty-five (45) days after the filing of the Complaint, Plaintiff has neither completed service by summons nor received a waiver of service, Plaintiff shall file a notice describing the action taken by

1

Plaintiff to complete service and the results of those efforts."

In response to the May 2025 order, on June 4, 2025, Plaintiff filed Doc. 5.[1] Doc. 5 does not contain acceptable proof of service documentation. Instead, in that filing Plaintiff advised the Court that she had sent the Summons and Complaint to Defendants via U.S. Mail, "was waiting to receive . . . return green card[s]", and had "attempted to track the green cards without success." Doc. 5 at 1.

Nothing was filed in this case during the timeframe June 5, 2025, through January 25, 2026. So, on January 26, 2026, the undersigned Magistrate Judge entered an order (Doc. 6, hereinafter referred to as "January 2026 Order") noting that "no additional filings have been made, and no Defendant has appeared in this action." January 2026 Order at 2. The undersigned then "**ORDERED** [Plaintiff] to file amended proof of service on or before **February 9, 2026**, showing she has met the requirements of Federal Rule 4, as described above." (emphasis in original). *Id.* at 3. Plaintiff was advised that "[f]ailure to meet the above requirements will result in the recommendation of dismissal, pursuant to Federal Rules 4, 41, and the Court's inherent authority." *Id.*

Plaintiff has not filed a single thing with the Court since the January 2026 Order was entered. Also, at no time during pendency of this action has Plaintiff filed anything that constitutes acceptable proof of service upon either of the Defendants.

---

[1] Doc. 5 was referred to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). See S.D. Ala. GenLR 72(b); docket sheet notation dated 6/4/2025.

Moreover, to date no Defendant has appeared in this action. In addition, at no time has Plaintiff filed anything with the Court that would indicate her compliance with Fed. R. Civ. P. 4(i), which sets forth the proper methods for "Serving the United States and Its Agencies, Corporations, Officers, or Employees."

Plaintiff is well-acquainted with the federal procedural rules concerning service of process. Currently pending in this judicial district is civil action number 1:25-cv-00001-N, another lawsuit that Plaintiff successfully served on one of the same Defendants in this action, namely, the official serving as Secretary of the Treasury.

Proper service of process is a jurisdictional prerequisite. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). If service is not perfected within 90 days after the complaint is filed, the district court ordinarily "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021) (citation omitted); *see also* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.") A plaintiff may show good cause for failure to serve withing 90 days. Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

3

Plaintiff has had ample time to either show good cause for an extension of time or file proper proof of service. She has done neither. Also, Plaintiff has failed to comply with, or even bother to respond to, the Court's January 2026 Order directing her "to file amended proof of service on or before **February 9, 2026**, showing she has met the requirements of Federal Rule 4 …." Plaintiff's contemptuous failure to engage with the Court since entry of the January 2026 Order leaves the undersigned without justification to take any action other than recommending a dismissal of this lawsuit without prejudice.

The undersigned finds that Plaintiff (1) has failed to comply with or respond to the January 2026 Order, (2) has failed to prosecute her case since June 4, 2025, (3) has not moved for or argued for a good cause exception for an extension of the time to file valid proof of service or to serve process on any unserved Defendants, and (4) has failed to demonstrate good cause for an extension of the time to file valid proof of service or to serve process on any unserved Defendants. Accordingly, the undersigned **RECOMMENDS** that this civil action be **DISMISSED without prejudice** pursuant to Fed. R. Civ. Proc. 4, Fed. R. Civ. Proc. 41, and the Court's inherent authority. *E.g., Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) (when appropriate under the circumstances, in exercise of its discretion, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting").

4

**Plaintiff is ADVISED that if she objects to this recommendation, then she must file "specific written objections to the proposed findings and recommendations" with the Court "[w]ithin 14 days after being served with a copy" of this recommended disposition of her lawsuit. Fed. R. Civ. P. 72(b)(2). The District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).**

**Plaintiff is further ADVISED that 11th Cir. R. 3-1, a rule that would apply to an appeal concerning this Report and Recommendation of Dismissal to the Eleventh Circuit Court of Appeals, provides as follows:**

> **A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice.**

**DONE** and **ORDERED** this the 12th day of June 2026.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

5